UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL LEE JONES,

        Plaintiff,

v.

UNKNOWN JENSEN, *et al.*,

        Defendants.

_____/

Case No. 1:11-cv-468

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner incarcerated by the Michigan Department of Corrections ("MDOC") pursuant to 42 U.S.C. § 1983.  This matter is now before the court on a motion for summary judgment filed by defendants Donald Mawer and Paul Jensen (docket no. 19) and plaintiff's motion for declaratory and injunctive relief (docket no. 29).

### I.      Background

Plaintiff alleged that the defendants Corrections Officers Mawer and Jensen, assaulted him, abused him, hit him, kicked him, called him racist names and placed him in handcuffs, while he was housed at the Ionia Correctional Facility (ICF) on February 23, 2011.  Compl. at p. 1.  Plaintiff seeks monetary damages and injunctive relief.  *Id.* at p. 3.

### II.      Defendants' motion for summary judgment

### A.      Legal Standard

Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust administrative remedies.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a).   Rule 56 further provides that "[a] party asserting that a fact cannot

be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties'

burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment.  The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the

court views the factual evidence and draws all reasonable inferences in favor of the nonmoving

party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Here, defendants' motion for summary judgment is unopposed.  "The fact that there

has been no response to a summary judgment motion does not, of course, mean that the motion is

to be granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996).  However, when

a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports

an argument that the trial court must conduct its own probing investigation of the record" to

demonstrate the existence of genuine issues of material fact.   *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

### B.      Failure to exhaust

### 1.      Exhaustion requirement

The PLRA, 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218.

### 2.      MDOC grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007).  A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grieveable issue,

3

unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved,

then the grievant may file a Step I grievance on the prescribed form within five business days after

the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy

Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be
> limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where,
> why, how). Dates, times, places and names of all those involved in the issue being
> grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate

grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not

receive a timely response, he must request the appropriate form and send it to the Step II Grievance

Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not

receive a timely response, he must send a completed Step III grievance, using the appropriate form,

to the Grievance and Appeals Section. *Id.* at ¶ FF.

### 3.    Plaintiff has not exhausted any grievances through Step III

Defendants have presented electronic records which reflect that plaintiff has not

exhausted any grievance through Step III while incarcerated at the MDOC. *See* Defendants' Brief

at p. 5 (docket no. 20); MDOC Prisoner Step III Grievance Report and Memorandum (docket no.

20-2).

Plaintiff did not file a response to defendants' motion. *See* W.D. Mich. LCivR 7.2(c)

("[a]ny party opposing a dispositive motion shall, within twenty-eight (28) days after service of the

motion, file a responsive brief and any supporting materials"). Plaintiff clearly had the ability to

respond to the motion for summary judgment, but simply chose not to do so. Rather than file a

response to defendants' dispositive motion as required under the court rules, plaintiff chose to file

4

15 motions and other papers unrelated to that motion.  *See* docket nos. 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37 and 39.  Plaintiff's status as a pro se litigant does not exempt him from following the applicable court rules.  A pro se litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).  Experience has taught the court that strict adherence to procedural requirements is the best guarantee of evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).  Accordingly, the court concludes that there is no timely response filed in opposition to defendants' motion for summary judgment.

Some months later, on June 22, 2012, plaintiff filed a "Motion to amen[d] unsworn declaration of witness statement of inmate Mr. Alrelio L. Evans for plaintiff Carl L. Jones" (docket no. 40).  Attached to this motion was an oversized (40-page) brief, which cited legal authorities interspersed with commentary and allegations regarding his incarceration.  *See* Plaintiff's Brief (docket no. 41).[1]  This brief included rather vague statements regarding plaintiff's claim of exhaustion.   For example, plaintiff stated (in his words):

> Plaintiff attempted to file his prison grievances remedy on the two (2) named c/o defendants in the complaints.  In which the plaintiff submitted the grievance be placed into the prison out going mail-box at the facility to a Mrs. M. Breedlove. Grivance coordinator in which the prisoner Mr. Jone stated all his problems and abused assaults and racial discriminating matters and officers illegal acts done to him by defendants, corrections officers P. Jensen and D. Mawer on February 23rd, 2011.

---

[1] Plaintiff's brief was purportedly in support of a non-dispositive motion related to inmate Evans' statement.  *See* W.D. Mich. LCivR 7.3(b), which provides that "[a]ny brief filed in support of or in opposition to a nondispositive motion shall not exceed ten (10) pages in length, exclusive of cover sheet, tables, and indices."

Plaintiff's Brief at p. 5 (docket no. 40).  Plaintiff also stated that "[t]he MDOC I.A.D. person a white woman came to the facility in March of <u>2011</u> and talked with Mr. Carl Jones, plaintiff, about those officers, Jensen, and D. Mawer, assaults on him."  *Id.* at p. 6 (emphasis in original).  On page 35 of the brief, plaintiff inserted a sworn statement that the information in the brief was true and correct to the best of his knowledge.  *Id.* at p. 35.

The court rejects plaintiff's belated attempt to create a factual issue with respect to exhaustion through the use of this oversized brief/affidavit.  Plaintiff's reference to the issue of exhaustion was not set forth in a timely response to defendants' motion for summary judgment, but as part of a brief attached to a separate motion filed more than seven months after defendants' moved for summary judgment.   Under these circumstances, the court is not obligated to consider plaintiff's June 22, 2012 brief as a response to defendants' motion for summary judgment.  *See* W.D. Mich. LCivR 7.2(c).

Even if the court were to consider plaintiff's 40-page brief as a response, the court does not view this brief as equivalent to an affidavit sufficient to create a genuine issue of material fact on the issue of exhaustion.  *See generally, Resolution Trust Corporation v. Juergens*, 965 F.2d 149, 152 (7th Cir.1992) (prosaically stating that "Just as 'One swallow does not make a spring,' so the mere attachment of a jurat does not automatically make an affidavit" under Rule 56) (footnote omitted).  Plaintiff's statements that he filed a grievance and met with an unidentified woman in March, 2011, do not establish a genuine issue of material fact with respect to the issue of exhaustion.  These statements do not rebut the MDOC record submitted by defendnats, which established that plaintiff has not exhausted any grievance through Step III while incarcerated at the MDOC.

Based on this record, plaintiff has failed to properly exhaust a grievance against defendants. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91.   Accordingly, defendants are entitled to summary judgment with respect to plaintiff's complaint.

### III.    Plaintiff's motion for declaratory and injunctive relief

Plaintiff has filed a motion for declaratory and injunctive relief (docket no. 29), which plaintiff  filed after defendants moved for summary judgment.  This motion seeks declaratory and injunctive relief for incidents unrelated to the present claims, which allegedly occurred on January 11, 2012, when non-party Corrections Officer Rutgers made certain statements to plaintiff "in a racial Racism Discrimination and Humiliation and insults way (manner) [sic]."  *See* Motion for declaratory and injunctive relief.   Plaintiff also alleged in this motion: that non-party Corrections Officer Fair witnessed this act; that Rutgers, Fair, and non-parties Corrections Officers Ferguson and Orabek deprived black prisoners of food;  that unidentified staff members interfered with prisoner grievances by not placing the grievances in the mail; and that on February 3, 2012, corrections officers told plaintiff that he "will not eat today."  *Id.*  This motion raised unrelated incidents that allegedly occurred after plaintiff filed this action.   Because defendants are entitled to summary judgment on the issue of exhaustion, it is unnecessary for the court to address plaintiff's new claims against non-party Corrections Officers Rutgers, Fair, Ferguson and Orabek.

Furthermore, plaintiff's motion seeks relief for actions of non-parties which are unrelated to the alleged February 23, 2011 assault which forms the basis for this action . While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212,

220 (1945).  *See, e.g, Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (where a plaintiff brought a *qui tam* action against the city and others for knowingly and improperly obtaining funds from several federal agencies for development or improvement of properties in minority-concentrated areas of city, the plaintiff's request for preliminary injunction against city ordinance allowing members of public to speak for only five minutes each at conclusion of city council meetings was properly denied because it was of a different character from relief sought and wholly unrelated to issues raised); *Atakpu v. Lawson*, No. 1:05-cv-524, 2006 WL 3803193 at *1-2 (S. D. Ohio Nov. 28, 2006) (the plaintiff prisoner's motion seeking injunctive relief for harassment and retaliation was denied as unrelated to the prisoner's complaint, which alleged denial of his constitutional rights for inadequate medical care; court agreed with the Magistrate Judge's statement that a "court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint").  Accordingly, plaintiff's motion for declaratory and injunctive relief (docket no. 29) should be denied.

## IV.    Recommendation

For the reasons set forth above, I respectfully recommend that the motion for summary judgment filed by defendants Mawer and Jensen (docket no. 19) be **GRANTED**, that

plaintiff's motion for declaratory and injunctive relief (docket no. 29) be **DENIED** and that this

action be **DISMISSED**.


Dated:  August 2, 2012                          /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).