UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL LEE JONES,

    Plaintiff,

                                                         CASE NO. 1:11-CV-468

v.

                                                         HON. ROBERT J. JONKER

UNKNOWN JENSEN, *et al.*,

    Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 47) and Plaintiff's Objections to the Report and Recommendation (docket # 49). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.
> FED R. CIV. P. 72(b).

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has

reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends summary judgment in favor of Defendants based upon Plaintiff's failure to exhaust administrative remedies. Despite months in which to do so, during which he filed multiple other motions and papers, Plaintiff did not respond to the defendants' motion for summary judgment, which was premised entirely on failure to exhaust. The Report and Recommendation explicitly notes the absence of record evidence that would create an issue of fact concerning exhaustion. In his Objections, Plaintiff claims that he attempted to exhaust by giving his grievances to prison staff for mailing, and that prison staff must not have mailed or otherwise processed the grievances. Plaintiff's Objections offer no affidavit or other material to support this claim and create a genuine issue of fact. On September 6, 2012, several weeks after filing his Objections, Plaintiff did file a document entitled "sworn affidavit" stating that he gave his grievances to prison staff to mail for processing (docket # 57). The "sworn affidavit" includes a statement that "[t]he prison notary public have refused to notary my affidavit." (*Id.*) The "sworn affidavit" is untimely. The "sworn affidavit" also acknowledges on its face that it is not, in fact, sworn, or otherwise prepared in a way that permits its use as part of the summary judgment record. Plaintiff has had ample opportunity to rebut Defendants' evidence of failure to exhaust, but he has not responded adequately to establish a genuine issue of fact. For the reasons the Report and Recommendation details, Defendants are entitled to summary judgment based on failure to exhaust.

The Magistrate Judge further recommends that the Court deny Plaintiff's motion for declaratory and injunctive relief (docket # 29), which seeks relief for incidents unrelated to the

claims asserted in this case and against non-parties. The Court agrees that these new claims fall outside the scope of this case. Since the date the Report and Recommendation issued, Plaintiff has also moved to amend his complaint (docket ## 50, 53), but his Motion to Amend alleges incidents occurring in the summer of 2012, over a year after the February 23, 2011 events on which Plaintiff bases this lawsuit, and involving non-parties. This case is not an appropriate vehicle for him to pursue the claims he describes in the Motion to Amend. To bring suit based upon those claims, Plaintiff needs to bring a new case.

Plaintiff has also recently filed a fourth motion to appoint counsel (docket ## 56). The Court has already affirmed the Magistrate Judge's Order denying Plaintiff's third motion to appoint counsel, which Plaintiff appealed. The Court does not believe appointment of counsel is appropriate in this case.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 47) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

1. Defendants Jensen and Mawar's Motion for Summary Judgment (docket # 19) is **GRANTED**.

2. Plaintiff's Motion for Declaratory and Injunctive Relief (docket # 29) is **DENIED**.

3. Plaintiff's Motions to Amend (docket ## 50, 53) are **DENIED**.

4. Plaintiff's Motion to Appoint Counsel (docket # 56) is **DENIED**.

5. This action is **DISMISSED**.

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated: September 28, 2012         /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE